*Windham,*
July,
1827.

Smith
*v.*
Jaques.

SMITH *against* JAQUES and another.

He, to whom the use, care and controul of cattle, are confided, although not the absolute owner, is yet to be deemed the owner within the statute concerning Fences, (*tit.* 33. *sect.* 21.) and responsible for damage by them done.

Therefore, where two persons, father and son, had the use and possession of cattle generally, as joint occupants of a farm; it was held, in an action of trespass *qu ire clausum fregit,* that the defendants were joint owners of such cattle within the statute, and jointly responsible for damage by them done.

This was an action of trespass *quare clausum fregit,* against *Amos Jaques* and *Fenner Jaques,* alleging, that the defendants, on the 15th of *July,* 1825, with force and arms, broke and entered into and upon the plaintiff's land, (previously described) and with horses and cattle, owned by the defendants, trode down, eat and consumed the corn and grass then and there growing.

The defendants pleaded severally *Not guilty,* and the cause was tried at *Brooklyn, January* term, 1827, before *Daggett,* J.

The plaintiff introduced testimony to prove the facts alleged in his declaration, and that the fence around the close in question was good and lawful, and that the horses and cattle alleged to have done the trespass, were unruly. The defendants controverted these facts, and introduced opposing testimony. It was admitted, that the defendants, father and son, lived in the same house, and occupied the same farm; and as to the manner of their using, possessing and owning the horses and cattle, there was testimony somewhat contradictory. No question of law was raised, by either party, except that the defendants insisted, that if the ownership of the cattle was in *Amos Jaques,* the father, and of the horses in the other defendant, then the defendants were not both guilty, though they jointly used and possessed them. The judge instructed the jury, that if they should find the cattle and horses were owned by the defendants; or were by them jointly used and possessed; and that a trespass was committed, as alleged; then they would find both the defendants guilty, and give reasonable damages; but if the cattle charged with doing the damage were owned, and possessed, and used, by one of the defendants only, then he only would be found guilty; or if the jury should not find any trespass to have been committed, then both the defendants ought to be found not guilty.

The jury returned a verdict against both the defendants; and they moved for a new trial for a misdirection.

*Eaton* and *Frost*, in support of the motion, contended, 1. That the charge was wrong, inasmuch as it authorized the jury, on proof of a joint use and possession of the cattle by the defendants, to find both guilty, although the cattle were owned by one only, and he alone turned them into the plaintiff's close. The declaration charges a forcible breaking and entry, by the defendants. with cattle owned by them.   At common law, neither a joint ownership, nor a joint use and possession, would make both liable for a trespass committed by one only, with or without cattle.   If you resort to the statute, *that* subjects the *owner* only ;—not the user and possessor.   *Stat.* 218. *tit.* 33. *sect.* 21.

2. That the charge was defective.   First, because it did not direct the jury to enquire whether the plaintiff's fence was sufficient ; without which he could not recover, under the statute. Secondly, because it did not inform the jury what shall constitute a sufficient fence within the meaning of the statute.   Thirdly, because it left the jury in ignorance as to what is necessary to constitute a trespass.

*Judson* and *F. B. Johnson*, contra, contended, 1. That if the defendants jointly used and possessed the cattle, they were jointly liable in trespass for the damage.   This is sufficient ownership for the purposes of this case.   It is clear, that a plaintiff may maintain trespass on the ground of possession, without absolute ownership.   Why may not a defendant be subjected in trespass in the same manner ?   This construction is necessary to advance the remedy intended by the statute.   Who has the power of restraining cattle most effectually—he who has the use and possession and the immediate care of them, or the distant owner ?

2. That the motion presented no other question, which this Court can revise.   No question of law was raised, except that already discussed ; and the matters of fact were properly left to the jury.   These cannot be reexamined here.

DAGGETT, J. The question to be decided, arises on the 21st section of the statute entitled " An Act concerning Fences and common Fields," which is in these words : " All damage done

*Windham,*
July,
1827.

Smith
*v.*
Jaques.

by cattle, horses, sheep or swine, when the fence is sufficient, shall be paid by the *owners* of them." *Stat.* 218. If these cattle and horses were jointly used and possessed, by the defendants, living together, and occupying the same farm, were *they* the *owners* of them, within the meaning of the statute? On this point, I am satisfied, that the charge was correct. However the law might be as to a possession for a few hours, yet in a case of use and possession generally, by a father and son, in their condition and employment as joint occupants of the farm, it seems quite reasonable that the statute should receive a construction extending to such use and possession. They are unquestionably owners so as to maintain a joint action of trespass; and why not to be subject to damages by them done? On any other construction, any person might have in his use and possession, and under his care and controul, the cattle of another residing at a distance, and perhaps in another state; he might take no pains to restrain them; suffer them to destroy his neighbour's grass and grain; and yet escape all liability to damage. It seems to me reasonable, that he, to whom the use and care and controul of cattle, are confided, should be responsible for damage by them done; and that such is the spirit of the law; and that he ought, therefore, to be deemed the owner.

I would, therefore, advise, that the rule for a new trial be discharged.

The other Judges were of the same opinion.

New trial not to be granted.