Dunckle *v.* Kocker.

———————•◆•———————

## DUNCKLE *vs.* KOCKER.

In a complaint charging a trespass by the defendant's horses on the plaintiff's land, and alledging by way of aggravation, the kicking and breaking the collar bone of the plaintiff's horse, it is not necessary to aver that the defendant's horses were accustomed to kick, or that the defendant had notice of the vicious propensity.

On the trial of a cause in a justice's court, and after the parties had rested, and while the counsel were summing up, a witness was permitted to be recalled, notwithstanding the defendant's objection, to state how he swore, in relation to a particular fact to which he had been examined. *Held* not to be error.

Whether a witness shall be recalled, or not, after the parties have closed their proofs, rests in the sound discretion of the court.

When there is no material defect in the proof, the court ought not to disturb the judgment of the court below, for a difference of opinion on the weight of the evidence.

THIS action was commenced in September, 1849, before a justice of the peace of Montgomery county. The complaint alledged that the defendant's horses, in September 1848, jumped over a division fence between the adjoining lands of the parties,

or broke into the plaintiff's lot and trod down the grass, &c. and while thus trespassing, one or both of the horses of the defendant kicked or otherwise broke the collar bone, or other bone in the fore shoulder of the plaintiff's horse, and so lamed and crippled him, as to make him of little or no value, to his damage of $100.

The defendant denied all the plaintiff's allegations.

On the trial, it was proved that the plaintiff's horses were, in August, 1848, hoppled together and pasturing in the plaintiff's lot. The defendant's horses were seen in the same pasture, about 10 A. M., near the plaintiff's horses. The defendant's horses had been pasturing in an adjoining lot of the defendant. Shortly after seeing the horses so near together, the witness passed over a hill out of sight, and heard a noise as if the horses were fighting. Soon after this, the plaintiff went after his horses, and found one of them injured, and the right shoulder broken. There were marks on the shoulder as if marked with a shoe. The value of the horse before the injury was estimated by one witness at 70 or 75 dollars, and by two at 100 dollars. After the injury, he was shown to be of no value. The horse which was hurt was hoppled on the right side of the other horse, and the injury was on the right shoulder of the horse. After the testimony was closed, and while the counsel were summing up the cause, a dispute arose as to a part of the testimony of Dunckle, one of the witnesses. The plaintiff's counsel proposed to recall the witness and to show that he testified as he had stated in his argument. This was objected to by the defendant's counsel, but the court permitted him to be recalled and examined; and he testified in the manner the plaintiff's counsel insisted he had previously testified, and as the justice certified he had before testified, on his first examination. The defendant's counsel excepted to the decision. The justice gave judgment for the plaintiff for damages $91,50, and the defendant appealed to the county court. That court affirmed the judgment of the justice, and the defendant appealed to this court.

Dunckle *v.* Kocker.

*T. B. Mitchell*, for the appellant.

*P. G. Webster*, for the respondent.

*By the Court*, WILLARD, P. J.   The main fact, that the plaintiff's horse was injured in the right shoulder, so as to destroy its usefulness, was proved beyond a doubt.   The plaintiff's horses were shown to have been so fastened together, that one could not have kicked the other on its opposite side.   The defendant's horses were wrongfully in the plaintiff's lot, and near the plaintiff's horses.   There was evidence from which the justice might well infer that the horses fought, and that this injury was inflicted by one of the defendant's horses.   The probabilities were all on that side of the question.   A strange horse would be more likely to kick and fight than the companion to which the horse was fastened.   Moreover, the latter could not have kicked the other in the place where he was injured.   There were no other horses shown to be in the field but the defendant's, and they were wrongfully there.   There was no defect in the proof; and in my judgment the justice drew the correct conclusions from the facts.   Perhaps the court could not have reversed the judgment had the justice found the other way.   When there is no material defect in the proof, the court ought not to disturb the judgment of the court below for a difference of opinion in the *weight of the evidence.*   (*See* 21 *Wend.* 305; 18 *Id.* 141; 2 *Sandf. S. C. Rep.* 222; 5 *Barb. S. C. Rep.* 263; 6 *Id.* 141.)

It was not necessary in this case to alledge and prove that the defendant's horse was accustomed to fight and kick, or to prove a *scienter*.   The declaration was for breaking and entering the plaintiff's close, and the injury to the plaintiff's horse was alledged in aggravation of the trespass.   This was sufficient. (*Van Leuven* v. *Lyke*, 1 *Comst.* 515.)

Nor was there any error in permitting a witness to be recalled, after the counsel had commenced summing up the cause. Whether a witness shall be recalled or not, is a matter resting in the sound discretion of the court.   (*Law* v. *Merrills*, 6 *Wend.* 276, *per Walworth, Ch.    The People* v. *Mather,*

4 *Wend.* 246. *Cowen & Hill's Notes*, 711, 788.) In this case he was recalled to say how he had testified on a given point, and not for the purpose of opening his examination at large. It is plain from the return of the justice, that the witness testified on his primary examination, in the same way as he did when recalled, and not different. No injustice was therefore done to any body by recalling him.

On the whole, we think the judgment of the justice was right. The judgment of the county court in affirming it was right, and should be affirmed.

[ESSEX GENERAL TERM, July 7, 1851. *Willard, Hand* and *Cady*, Justices.]