HON. JAMES BARRETT,
HON. ASAHEL PECK,
HON. WILLIAM C. WILSON, } ASSISTANT JUDGES.
HON. BENJAMIN H. STEELE,
HON. HOYT H. WHEELER,

---

## JOHN TUPPER *v.* CARLTON CLARK.

*Vicious Animals.   Division Fence.   Case.   Trespass.*

The fact that a mare ordinarily gentle, is in the habit of kicking other horse kind when in heat, imposes no duty upon the owner to restrain her at other times, and his failure to do so would not be sufficient to make him responsible for her kicking another horse when she was not in heat.

The plaintiff alleged in his declaration that he and the defendant were owners and occupiers of adjoining lands, that the defendant was under obligation to keep up a legal division fence between them, that he neglected to do so, and in consequence of such neglect the defendant's mare passed over the fence and injured the plaintiff's horse by kicking. *Held* that the gist of the action was the obligation and neglect to keep up the fence; that in this it differs from trespass *quare clausum*, where the gist of the action is the breach of the plaintiff's close.

Where adjoining owners agree upon the portion of division fence each shall build, they are bound each to the other to keep up their respective portions, certainly until one or the other repudiates the agreement.

The plaintiff having failed to show over whose part of the fence the defendant's mare passed, fails to establish the facts necessary to entitle him to recover.

ACTION on the case, joined with counts in trespass as per declaration, commenced before a justice of the peace, and brought into the county court by appeal.

The case was tried before a referee, upon whose special report the court, at the September term, Chittenden county, 1869, PIERPOINT, C. J., presiding, rendered judgment for the plaintiff, *pro forma*, to which the defendant excepted.

The referee's report was as follows :

During the season of 1867, and at the time of the injury complained of, as hereinafter mentioned, the parties occupied adjoining farms in Underhill, in said county. In 1858, the owners of said farms agreed upon a division of the line fence between the farms, and designated the portion of said fence which each was afterwards to maintain, and this division was recognized and adopted by all subsequent owners and occupants of said farms, including the parties to this suit. But no division of said fence was ever made by written agreement or by fence viewers.

In the fall of 1867 the parties turned their horses into their respective meadows next to said division fence, and on the 11th day of October, 1867, the defendant's mare and colt crossed the division fence, from the defendant's meadow into the meadow of the plaintiff, and while there the defendant's mare kicked a horse owned by the plaintiff so badly that the horse became of no value. Upon the same occasion the defendant's mare was kicked by the plaintiff's horse, but not materially injured thereby ; but which commenced the kicking did not appear. The defendant's mare and colt were in the plaintiff's meadow at this time about three hours before the injury, and this was known to both parties, for they were so situated that they saw the mare and colt most of the time they were in the plaintiff's meadow, but neither party was alarmed, or suspected that any injury would result to the plaintiff's horses in consequence of the defendant's horses being in the plaintiff's meadow, until the horses came together and commenced kicking, and it was too late to prevent the occurrence of the injury complained of. There were two places in said division fence where it was so low and so much out of repair as to afford but little if any restraint to the most orderly animals. One of

these places was in that portion of the fence which, under the aforesaid agreement and understanding, the plaintiff was to maintain, and the other in that portion of the fence the defendant was to maintain, and there were other parts of this fence that were not in good repair. The defendant's mare was accustomed to jump fences, especially if turned into a field where there were no other horses. The defendant, at the time of the injury, had owned and kept this mare some seven or eight years, and during that time the mare when in heat had on several occasions kicked at other horses that were running with her in the same pasture; and this was known to the defendant. But aside from these instances of kicking, and the habit the mare had of jumping fences, she was in general kind and orderly. The referee is unable to find what part of said division fence the mare passed over in going into the plaintiff's meadow on the occasion of the injury complained of. The direct damage to the plaintiff in the loss of his horse by reason of said injury was $100, and the time and money expended by him in attempting a cure of the injury were of the value of $20.

The substance of the several counts of the plaintiff's declaration is stated in the opinion of the court.

*E. R. Hard* and *R. H. Start*, for the defendant, maintained that the agreement in respect to the fence was binding upon the parties. *York* v. *Davis*, 11 N. H., 241; *Bush* v. *Brainard*, 1 Conn., 78. If the plaintiff sustained an injury in consequence of not keeping his portion of the fence in repair, he cannot maintain an action therefor. *Cincinnati, H. & D. R. R. Co.* v. *Waterson*, 4 Ohio, 424. Laying out of the case, for the present, the particular habits of the animal in question, had the case shown that defendant's mare escaped from his enclosure into that of plaintiff through the insufficient fence of the latter, and the injury complained of resulted, could the plaintiff sustain his present action? We say, clearly not. And so are the cases. See *York* v. *Davis*, *supra; Page* v. *Olcott*, 13 N. H., 399; *Shepherd* v. *Hees*, 12 John., 433; *Rust* v. *Low et al.*, 6 Mass., 90; *Studwell* v. *Rich*, 14 Conn., 292; *Cowles* v. *Balzar*, 47 Barb., 562–573; *Woodward* v. *Purdy*, 20 Ala., 379; *Thayer* v. *Arnold*, 4 Met., 589. Where plaintiff and defendant have both been equally negligent, and an injury has resulted to the plaintiff from the negligence of one or the other, which is left in doubt by the facts or the evidence, the burden

is upon the plaintiff to remove such doubt, and show that his injury was not the result of his own negligence. See *Fox* v. *Glastenbury*, 29 Conn., 204; *Trow* v. *Vt. C. R. R. Co.*, 24 Vt., 487; *Knour* v. *Wagoner*, 16 Ind., 414; *Coggswell* v. *Baldwin*, 15 Vt., 404; *Curtis* v. *Mills*, 5 C. & P., 489; *Erhart* v. *Youngblood*, 27 Penn. St., 327; *Logue* v. *Link*, 439, E. D. Smith, 63.

*L. F. Wilbur*, for the plaintiff.

Under the finding of the referee, the rights and the legal liabilities of the parties are determined by the common law, without regard to the existing statute in reference to the building and repairing fences between adjoining owners of land. The fact that the defendant's mare, without license from the plaintiff, was on the land of the plaintiff, where the mare did the injury, must be regarded, *prima facie*, a trespass. *Colden* v. *Eldred*, 15 Johns., 220. Every unwarrantable entry, by a person or his animals, on the land of another, is a trespass, whether the land be enclosed or not. And such an act of trespass, as shown in this case, cannot be excused, unless it be shown affirmatively that the plaintiff's acts or omissions have contributed to the injury complained of. The plaintiff must be in fault in respect to the injury; and it is incumbent on the defendant to establish such fault, and not upon the plaintiff to negative it. The plaintiff was no way in fault in respect to the injury, and it does not appear that the mare got over his fence. Such a state of facts entitles the plaintiff to recover. The case of *Deyo* v. *Stewart*, 4 Denio, 101, which was affirmed in the N. Y. court of appeals, is in point. 1 vol. Hil'd on Tort, 3d ed., 650; *Tonawanda R. R. Co.* v. *Munger*, 5 Denio, 267–8; *Harvey* v. *Dunlop*, Hill & Denio's Supplement, 195; *Hill, Adm'r*, v. *New Haven*, 37 Vt., 508–9; *Lester* v. *Pittsford*, 7 Vt., 158–162; *Johnson* v. *Hudson R. R. R. Co.*, 5 Duer, 21; Sh. & Red. on Neg., 45, 46, 47 and 217; *De Benedetti* v. *Mauchin*, 1 Hilton, 213; 16 Pa., 463; 44 Maine, 329; 5 Cal., 360; 47 Pa., 244; *Durant* v. *Palmer*, 5 Dutcher, 544. There was no binding division of the fence between the lands of the parties. The statute only recognized a division made by fence viewers, or by writing between the parties, or by prescription which warrants the

presumption of such an agreement. Gen. St., chap. 102, §§ 13, 14; *York* v. *Davis*, 11 N. H., 241. The result would be the same if the line fence between the lands of the parties is not decided to be legally divided, and is treated as owned in common by the parties, and out of repair, as in such case the owner would be liable for the damage that his animals have done on the land of the other. *Thayer* v. *Arnold*, 4 Met., 589; *Melody* v. *Reab*, 4 Mass., 474; *Tewksbury* v. *Bucklin*, 7 N. H., 518; *Humphrey* v. *Douglass*, 11 Vt., 22.

The right of the plaintiff to maintain this action is not given by statute. The right existed at common law; and the defendant seeks to shelter himself under the provisions of the statute. To deprive a party of a right of action existing by the common law, the right of action must be expressly negatived, or that result must be so strongly and plainly implied that no doubt can exist as to what was intended by the statute. *Melody* v. *Reab*, 4 Mass., 473; *Almy* v. *Harris*, 5 Johns., 175; *Burnside* v. *Whitney*, 21 N. Y., 148; *Commonwealth* v. *Knapp*, 9 Pick., 514; *Lawrence* v. *Combs*, 37 N. H., 331.

The failure of the defendant to restrain his *unruly* mare, *known* by him to have the *vicious habit of kicking*, renders him liable for the injury to the plaintiff's horse. It is not a question of negligence, unless it be negligence presumed. *Coggswell* v. *Baldwin*, 15 Vt., 404; *Oakes et ux.* v. *Spaulding*, 40 Vt., 347; *Popplewell* v. *Pierce*, 10 Cush., 509; *Brown* v. *Carpenter*, 26 Vt., 638; 1 vol. Hilliard on Tort, 648. It is not necessary that the mare should have done some *actual injury* previous to the injury complained of in order to entitle the plaintiff to recover. It is sufficient if the mare had done enough to indicate to her owner her vicious habit. Sh. & Redfield on Neg., 218, *et seq.*

The defendant is liable, whether he knew his mare was vicious or not. *Decker* v. *Gammon*, 44 Maine, 322; *Dickerson* v. *McCoy*, 39 N. Y., 400; *Goodman* v. *Gray*, 5 Pa., 188, (3 Harris, 194;) *Barnes* v. *Chapin*, 4 Allen, 444; 114 E. Com. Law, 722; 11 Barb., 387.

The defendant is liable on the facts reported, even if the knowledge the defendant had of the kicking habit of his mare was not

sufficient to raise the duty of the defendant to effectually restrain her.

The opinion of the court was delivered by

PIERPOINT, C. J.   The questions in this case arise upon the report of a referee.   In order to make the proper application of the facts found by the referee to the case before us, it is necessary to look into the declaration, to see what it is that the plaintiff seeks to recover for.

The first count is in trespass, in which the plaintiff alleges that the mare of the defendant kicked the plaintiff's horse, broke his leg, and rendered him of no value; there is no allegation of attending circumstances that could make the defendant liable, and if all that is stated therein were true, the defendant would not be liable.

The second count is in case, in which the plaintiff alleges that the defendant was the owner and keeper of a vicious and dangerous mare, that he knew was accustomed to attack, kick and bite other horse kind, and that not being properly restrained by the defendant, said mare did attack the horse of the plaintiff, and cause the injury complained of.   The allegations in this count are sufficient to entitle the plaintiff to recover, if sustained by the facts found by the referee; but upon looking into the report we think the facts found are wholly insufficient to sustain this claim.

The referee finds that the mare was kind and gentle, except when in heat; that during such periods she had on several occasions kicked at other horses, and that the defendant knew of this fact; but he also finds that at the time the defendant turned her out into his field she was not in such condition, nor was she so at the time of the injury to the plaintiff's horse.   This peculiarity in the defendant's mare, (if it can be called a peculiarity,) was not of such a character as to impose upon the defendant the duty of restraining her at all times, or of subjecting her to any unusual restraint, except during said period, and his failure to do so is not sufficient to make him liable.

The third count is in case, and in it the plaintiff alleges that he and the defendant were owners and occupiers of adjoining lands;

that the defendant was under obligation to keep up a legal division fence between them; that he neglected to do so, and in consequence of such neglect, the defendant's mare passed over the fence, and inflicted the injury complained of.

Under this count what must the plaintiff show to entitle himself to a judgment? Clearly, that the defendant was bound to keep up the division fence, that he neglected to do it, and that the injury resulted from such neglect. The obligation and neglect to keep up the fence is of the gist of the action, the foundation of the plaintiff's claim. This is not like an action of trespass *quare clausum;* in such case the gist of the action is the breach of the plaintiff's close. Many of the cases cited by the plaintiff's counsel are of this character, wherein it is held that proof of such breach makes a *prima facie* case for the plaintiff and throws upon the defendant the burden of justifying; but here the plaintiff bases his claim upon the duty and neglect of the defendant.

In *De Benedetti* v. *Mauchin*, 1 Hilton, 213, cited by plaintiff, which was an action to recover for an injury resulting from the defendant driving against the plaintiff in the highway, in the trial below the defendant asked the court to dismiss the case on the ground that the plaintiff had not shown himself to be free from negligence. He also requested the court to charge the jury that the plaintiff must show that the accident was caused by the negligence of the defendant Mauchin; both the requests were denied. In disposing of these questions in the higher court, the judge says: " It was not incumbent on the plaintiff to show that he was not guilty of negligence; that in the absence of proof the presumption would be in his favor. But the court erred in refusing to charge as requested, that the plaintiff must show that the accident was occasioned by the defendant Mauchin." *Lee* v. *Riley*, 114 Com. Law, also cited by the plaintiff, is a case where the defendant's horse escaped from his land to that of the plaintiff through a gate which the defendant was bound to keep up, but did not, and while so on the plaintiff's land injured the plaintiff's horse. The question tried was, whether the plaintiff was bound to show that the defendant's horse was vicious, and that defendant knew it. The court held that it was not. SMITH, J., in his opinion says: " The

foundation of the action is negligence on the part of the defendant in omitting properly to keep up his fence, by means of which his mare strayed into the close of the plaintiff and injured his horse." " It was through the defendant's negligence that the horse and the mare came together."

In this case the plaintiff alleges and puts his case expressly upon the ground that the defendant neglected to keep up the fence, as he was bound to do, and that in consequence of such neglect the horse and mare came together. To maintain the action he must establish this by his proof.

Upon the facts found by the referee we think it clear that these parties were each under obligation to the other to keep up one half of the division fence according to the terms of the agreement found, certainly until one or the other repudiated it ; neither party discharged that duty, but each suffered his part of the fence to go down. The referee reports that he is wholly unable from the evidence to determine over whose part of the fence the mare passed, and does not report in favor of either party. The plaintiff therefore fails to establish the facts necessary to entitle him to recover. He does not establish the fact that it was through the fault or neglect of the defendant that the injury was done.

The *pro forma* judgment of the county court is reversed and judgment for the defendant.