## H. L. HITCHCOCK *v.* LYMAN TOWER.

### *Fence. Impounding. Replevin.*

If contiguous land owners by *parol agreement* divide the fence between them, such agreement is binding so long as they act under it ; and, if one fails to make his part a legal fence, and the other's cattle escape over it into his field, he has no right to impound them.

REPLEVIN. Avowry that the cattle were taken *damage feasant* in the defendant's enclosure and duly impounded. Trial by court, March Term, 1882, VEAZEY, J., presiding. Judgment for the plaintiff. The facts appear in the opinion of the court.

*W. C. Dunton* and *Edward Dana* for plaintiff.

*P. R. Kendall*, for the defendant.

The opinion of the court was delivered by

TAFT, J. The parties own adjoining lands. At the time the controversy arose, no division of the fence between said lands had ever been made by the fence viewers or by agreement of the owners executed as provided by R. L. sec. 3190. The plaintiff's cattle escaped through the fence on to the defendant's land ; the defendant impounded them, and this action is brought to recover them. The plaintiff's right to recover depends upon whether the defendant was bound to keep the fence, through which the cattle escaped, in repair. One " cannot lawfully impound the cattle of others if they enter upon his land through his, the impounders', neglect in regard to his portion of the division fence." *Porter* v. *Aldrich*, 39 Vt. 326. The court below found that at the time of the escape, the defendant was maintaining that portion of the fence where the cattle escaped ; and that for a long time prior, it had been maintained by him and his predecessors in title and occupancy ; and it is evident from the exceptions that it had been, and then was, so maintained under a parol agreement as to a di-

vision, made by prior owners long before, and which had been acquiesced in by the parties during their ownership of the lands. In this respect the facts are similar to those in *Tupper* v. *Clark*, 43 Vt. 200. In the latter case the court say that the " parties were each under obligation to the other to keep up one-half of the division fence according to the terms of the agreement found, certainly until one or the other repudiated it." We think there is good reason for saying that if contiguous land owners agree by parol upon a division of their line fences, and act under such agreement, that in respect to the defects in such fences they are bound to each other by the same obligations as though there had been a division in the modes contemplated by the statute, whether one may be supporting more than his equal proportion or not. In this case so long as the defendant maintained the fence under the parol agreement found by the court, he was liable for injuries resulting from defects in it. He therefore had no right to impound the plaintiff's cattle. This disposes of the case without referring to the question of prescription.

Judgment affirmed.