## H. H. SCOTT *v.* JOHN GROVER AND OTHERS.

*Bull, Damage done by. Fence. Negligence. Evidence. R. L. ss.* 4003, 3187, 3190.

1. The defendant's bull escaped from his pasture into the plaintiff's adjoining pasture, and there injured his horse. The plaintiff's fence was insufficient and out of repair; and the bull escaped through a gap in that portion which the plaintiff was bound to maintain. It was not proved that the defendant knew that the animal was vicious. *Held,* (*a*) that the bull was in the plaintiff's field through his own neglect to build a legal division fence, and that the defendant was not liable; (*b*) and that the statute, R. L. s. 4003, against allowing a bull " to run at large out of the enclosure," etc., has no application, as the bull was in the defendant's "*enclosure*" when in his pasture.

2. Adjoining land owners may make a parol agreement as to a division fence that is binding on themselves until repudiated; and it can be proved by oral testimony.

3. The facts, that there was a gap in the plaintiff's fence, that cattle tracks were there, *tend* to prove that the bull passed at that point.

Heard on the report of referees, September Term, 1882. ROYCE, Ch. J., presiding. Judgment for the plaintiff. The facts are sufficiently stated in the opinion.

*Geo. W. Burleson* and *Wilson & Hall,* for the defendant.

There can be no recovery, if the bull escaped over that portion of the fence which the plaintiff was bound to build, and which was out of repair. *Tupper* v. *Clark,* 43 Vt. 200; *Keenan and wife* v. *Cavenaugh,* 44 Vt. 268; *Trow* v. *Vt. C. R. R. Co.* 24 Vt.487; *Cowles* v. *Balzar,* 47 Barb. 562; *Page* v. *Olcott,* 13 N. H. 399; *York* v. *Davis,* 11 N. H. 241; *Saxton* v. *Bacon,* 31 Vt. 541; *Jackson* v. *R. R. Co.* 25 Vt. 160. The testimony was admissible to prove the agreement as to the division fence. *Tupper* v, *Clark,* supra; *Richardson* v. *R. & W. T. Co.* 6 Vt. 496. The statute, R. L. s. 4003, is not applicable. *Riley* v. *Noyes,* 44 Vt. 455; *Fuller* v. *Wright,* Ib. 545; *Barber*

v. *Essex*, 27 Vt. 62; 16 Reporter, 539; Shearm. & Red. Neg. s. 325.

*H. F. Brigham* and *Edson, Cross & Start*, for the plaintiff.

Owners of cattle are bound to restrain them. Shearm. & Red. Neg. s. 186. An entry of one's cattle upon another's land is a trespass. *Keenan and wife* v, *Cavenaugh*, 44 Vt. 268. The plaintiff can recover notwithstanding the condition of his fence. 1 Wait Act. and Def. p. 309; *Dunckle* v. *Kocker*, 11 Barb. 387; *Chunot* v. *Larson*, 43 Wis. 536; *Decker* v. *Gammon*, 44 Me. 322; *Dolph* v. *Ferris*, 7 Watts & Serg. 367; *Ellis* v. *Ins. Co.* 11 Moak, 214. The facts reported do not tend to prove that the bull went into the plaintiff's pasture through the gap. *Sornborger* v. *Houghton*, 40 Vt, 150; *Richards* v. *Aiken*, 25 Vt. 324; *Hammond* v. *Smith*, 17 Vt. 231; 1 Halst. Ev. 150; *Ballard* v. *St. Albans Adv. Co.* 52 Vt. 325; *Graves* v. *Wakefield*, 54 Vt. 313; *Lester* v. *Pittsford*, 7 Vt. 158. The bull was going "at large," *Town* v. *Laphere*, 37 Vt. 52; 1 Wait Act. & Def. 319. The presence of the bull loose in the plaintiff's pasture, was *prima facie* evidence of negligence. Shearm. & Red. Neg. s. 13; *Ballon* v. *O'Brine*, 12 R. I. 518. The doctrine of contributory negligence does not apply. *Wolf* v. *Chalker*, 31 Conn. 121; Shearm. & Red. Neg. s. 31; *Warren* v. *Hoisington*, 42 Vt. 94.

The opinion of the court was delivered by

Ross, J. The plaintiff and defendants in the season of 1881 owned and occupied adjoining farms. Their pastures were separated by a division line fence. The statute places the burden and duty of erecting and maintaining such division fence, upon such owners and occupiers jointly and equally. R. L. s. 3179. It points out a method by which they may make a permanent division of such fence, so as not only to bind them, but also their successors. R. L. ss. 3187, 3190. They may also, by an agreement, which will not bind their successors, because not made and recorded as

required by the statute, bind themselves to erect and maintain each a definite portion of such fence. Such a division, until repudiated, as effectually binds the parties thereto and fixes their respective duties in regard to such fence, as though made by the fence viewers and recorded, or reduced to writing, duly executed and recorded. *Tupper* v. *Clark* 43 Vt. 200. Such agreement not being required to be in writing, to be binding upon the parties, until repudiated, may be proved by oral testimony.

The referees have found that the plaintiff's portion of the division fence, as made by the parties, was on the occasion of the injury complained of, insufficient and out of repair; and that the defendant's bull passed from his pasture into the plaintiff's pasture through the gap in the fence occasioned by this insufficiency, if the facts stated by them had a tendency to support such finding. We think the facts reported had a tendency to establish this finding. The bull was put into the defendant's pasture. The next morning he was found in the plaintiffs' pasture. The natural and almost inevitable conclusion is that he passed over some portion of the division fence. At one place the defendant's portion of the division fence was defective, but there were no indications that he had passed at that place. At the place where the plaintiff's portion of the division fence was all gone, there were cattle tracks. The bull had been in the plaintiff's pasture on two occasions before, that season. There are no facts reported, tending to show that any other cattle had passed the division fence. The tracks at this point, together with the insufficiency in the fence, tend strongly, in the absence of all evidence that any other animals had passed the division fence from one pasture to the other, to show that the bull crossed the division fence, on the occasion complained of, at that point. Hence, it follows, that the defendant's bull was in the plaintiff's pasture, on the occasion of the injury to the plaintiff's horse, through the plaintiff's fault,—through his neglect to discharge his duty towards the defendants in regard to the division fence. Therefore the bull was not there wrongfully. He was there rather by the invitation or permission of the plaintiff. The

plaintiff's negligence, or failure to discharge his duty to the defendants, in maintaining his portion of the division fence, had so far contributed to the bull's coming into his pasture, that he cannot be heard to say that his being there was wrongful or unlawful. *Keenan and wife* v. *Cavanaugh*, 44 .Vt. 268. In other words, the bull, as regards the defendants, had an excuse for being in the plaintiff's pasture. In the language of PARKE, B., in *Sharrod* v *N. Western R. R. Co.* 4 Welsh. H. & G. '584, and adopted by this court in *Hurd* v. *R. & B. R. R. Co.* 25 Vt. 116 : " That if the cattle had an excuse for being on the road, as if they escaped through defects of fences which the company should have kept up, the cattle were not wrong-doers ; they had a right to be there, and their damage is a consequent damage from the wrong of the defendants in' letting their fences be incomplete, or out of repair, and may accordingly be recovered by action." On this doctrine, the defendants' bull was not a wrong-doer, or trespasser, in the plaintiff's pasture, because there through the fault or neglect of the plaintiff. The plaintiff could not maintain trespass for his entry into his pasture on that occasion. It was expressly decided in *Page* v. *Olcott*, 13 N. H. 399, that one adjoining land owner could not maintain trespass *quare clausum fregit* against another for damages done by the latter's sheep upon the close of the former, which had escaped from the latter's enclosure through a defect in that portion of the division fence which the former was bound to maintain. The gist of the action of trespass upon the freehold is the wrongful entry. What is done after such entry is but an aggravation of the wrong in making the entry. As the entry of the bull into the plaintiff's pasture was through his negligence in discharging a duty he owed the defendants, the defendants are not responsible for any injuries which he occasioned while there, although such injuries arose from a vicious act, unless the defendant knew of such vicious propensity. In the well considered case of *Decker* v. *Gammun*, 44 Me., 322, cited by the plaintiff's counsel, the court, say : " If domestic animals, such as oxen and horses, injure any one, in person or property, *if they*

*are rightfully in the place where they do the mischief*, the owner of such animals is not liable for such injury, unless he knew they were accustomed to do mischief; and in suits for such injuries, such knowledge must be alleged and proved." The court cite extracts from *May* v. *Burdett*, 58 E. C. L. 101; 1 Hale, P. C. 430; *Buxendin* v. *Sharp*, 2 Salk. 662; *Mason* v. *Keeling*, 12 Mod. Rep. 332; *Vrooman* v. *Lawyer*, 13 Johns. Rep. 339., supporting the proposition. The court also say: "The owner of domestic animals, *if they are wrongfully in the place where they do any mischief*, is liable for it, though he had no notice that they had been accustomed to do so before." We think these extracts are a correct statement of the law upon this subject. The other cases cited by the plaintiff's counsel, *Dunckle* v. *Kocker*, 11 Barb. 387, *Chunot* v. *Larson*, 43 Wis. 536, *Dolph* v. *Ferris*, 7 Watts & Serg. 367, *Ellis* v. *Iron Co.* 11 Moak. Eng. Rep. 214, to show that the owner of a domestic animal is liable for injuries arising from its vicious act, although he did not know it had such vicious propensity, are cases in which it is shown or found by the jury, that the animal was unlawfully and wrongfully in the place where the act was committed.

The plaintiff contends that the defendants should be held liable in this case, though they did not know of the vicious propensity of the bull, because it is found that he was more than one year old. He says by s. 4003 R. L., it is the duty of the owner of such an animal to restrain him; and that by reason of this section of the statute the bull was wrongfully in the defendants' pasture even, and so wrongfully in the plaintiff's pasture. That section provides that if the owner or keeper of such an animal shall wilfully or negligently permit him to run at large out of the enclosure of such owner or keeper, he shall forfeit, &c. When turned into the defendants' pasture the bull was in their enclosure. He was not at large. On the facts reported this section of the statute has no application to the case, and can have no influence upon the decision. However wise it might be for the legislature to enact that a bull more than one year old should

be kept tied or confined in a stable or enclosure of great strength, it has not as yet made any such provision ; but enacted that he should not be allowed, wilfully or negligently, to go at large, or wander unattended and without restraint wherever he chose, as in the highway or a field without fences. On these views of the law as applicable to the facts reported by the referees, the defendants were not at fault in the discharge of their duty to the plaintiff, in regard to the escape of the bull into the plaintiff's pasture; but rather such escape was through the sole fault of the plaintiff. Hence he could not treat the bull as wrongfully in his pasture. Being rightfully in his pasture, as regards the plaintiff, the defendants are not liable for any damages done to the plaintiff's horse by the vicious act of the bull, they not knowing that he was possessed of such vicious propensity.

The judgment is reversed, and judgment rendered, on the report, for the defendants to recover their costs.