## IRA F. MOULTON v. MARSHALL A. MOORE.

*Trespass. Animals, Damage done by, Bailee liable for. Lessee. Reference. Amendment.*

1. One having the care and custody of cattle, as the lessee of a farm and the stock thereon, is under the same liability for the damage done by the cattle, as if he were the owner.
2. On a reference, in tresspass against both the owner and bailee of cattle, the declaration alleging a joint ownership, but the proof showing that one was the sole owner of three of the cows, and the other, of one, the court could discharge one defendant, and render judgment on the report against the other; as a reference cures all amendable defects.

TRESPASS. Heard on the report of a referee, March Term, 1883, ROWELL, J., presiding. The action was brought against Ephraim Moore and Marshall A. Moore. Judgment was rendered upon the report for Ephraim to recover his costs, and in favor of the plaintiff against Marshall A., for the full amount found by the referee.

The defendant excepted to the report "because the referee received evidence that damage was done upon plaintiff's premises

by a certain cow which was the sole and separate property of one of said defendants, and by three certain cows which were the sole and separate property of the other defendant, and because there was no joint wrong or injury done by these defendants, nor any joint negligence or fault by said defendants."

*Martin & Eddy,* for the defendant.

The injury was not a joint injury. *Adams* v. *Hall*, 2 Vt. 9; 2 Conn. 206. The defect is not cured by a reference. *Maxfield* v. *Scott*, 17 Vt. 634; *Ladd* v. *Ladd*, 36 Vt. 194. The writ was not amendable. *Waterman* v. *Conn. & Pass. R. R. Co.*, 30 Vt. 610; *Briggs* v. *Bennett*, 26 Vt. 146; *Carpenter* v. *Cook*, 34 Vt. 126; *Sumner* v. *Brown*, Ib. 194.

*O. E. Butterfield,* for the plaintiff.

Marshall A. Moore was the bailee of his father's cows, and his liability respecting them could be no less than that of an agister, and as such he would be liable. *Rossell* v. *Cottom*, 31 Penn. St. 525; *Ward* v. *Brown*, 64 Ill., 307; 16 Am. Rep., 561; *Smith* v. *Jaques*, 6 Conn. 530; *Sherridan* v. *Bean*, 8 Met. 248. 1 Chit. Pl. 86; Gould Pl. 420; *Wright* v. *Cooper*, 1 Tyler, 425; *Hodgen* v. *Nott*, 9 Conn. 267; 3 East, 62; 1 Cow. 267; 17 Wend. 562; 1 Saund. 207, A.

The opinion of the court was delivered by

VEAZEY, J. It is settled law in this State, that the statutes in respect to fences between occupied lands, do not relieve the owners of cattle from the common law duty of restraining them from straying on to the premises of others. *Keenan* v. *Cavanaugh*, 44 Vt. 268. The defence is not put on the ground of neglect of the plaintiff as to his fence, but that the defendant Marshall A. Moore is not liable under the declaration for the damage done by the cows belonging to his father.

He was the lessee of his father's farm at the halves, and had the management and control of it. The fences and stock were solely in his charge. In an action against him for trespasses of the stock, which he had on the farm, the question of actual own-

ership is immaterial, unless made material by the pleadings.
His duty and liability were the same as to the cows in his charge
on the farm, belonging to his father, as it was as to his own
cows. It is said in Esp. N. P. 387, tit. Trespass, that "he who
has the care, custody, or possession of the cattle who do the
damage, is liable to this action;" and further, "as if agisted
cattle break into another's land, the agister is liable to this action."
The same was held in *Rossell* v. *Cottom*, 31 Penn. St. 525; *Smith*
v. *Jaques*, 6 Conn. 530; *Ward* v. *Brown*, 64 Ill. 307; S. C. 16
Am. Rep. 561; *Sheridan* v. *Bean*, 8 Met. 284.

We think it would be no improper construction of the report to
hold that Marshall A.'s bailment of his father's cows was some-
thing more than that of a mere agister. But as an agister only, he
had such qualified ownership as to make him liable; therefore, he
could have been sued alone, and would have been liable to the
extent found by the County Court.

"Where in point of fact and of law several persons might have
been jointly guilty of the same offense, the joinder of more per-
sons than were liable, in a personal or mixed action in form
*ex-delicto*, constitutes no objection to a partial recovery, and one
of them may be acquitted, and a verdict taken against the
others." 1 Chit. Pl. (12 Am. ed.) p. 86, and cases there cited;
*Wright* v. *Cooper*, 1 Tyler, 425.

The defendant, Marshall A., claims that this principle does not
apply, because, as he says, without producing it, the declaration
charged a joint ownership of the cows, whereas the referee reports
that the defendant Ephraim owned three of them, and Marshall
A., one; and he cites *Adams* v. *Hall et al.* 2 Vt. 9, which was a
dog and sheep case. But there neither defendant was under
obligation to keep the other's dog from killing sheep; therefore
neither became liable for the injury done by the other's dog.
Neither was in the possession or use of the dog of the other. Here
Marshall A. being in the possession, control, and use of all the cows,
was bound to take care of them, and is liable, as before shown,
for the damage of all, irrespective of Ephraim's interest or liability.
But if there was a variance between the declaration and proof as

to the ownership of the cows, it is unavailable by reason of the reference. An amendment so as to accommodate the declaration to the facts, found by the referee, would not change the nature or form of action, nor introduce a new cause, nor change the parties. A reference cures all amendable defects, as is well settled. It is claimed that the defendants were charged as joint owners of the cows. It turned out they were jointly interested in them at the time of the trespass, but were not technically joint owners. An amendment, so as to show their exact ownership and interest, would have left a good cause against Marshall A., at least, for all the damage. The amendment would not have dropped Ephraim out as a party, although it might have presented a case that would have entitled him to a discharge. It would have been simply a case of adding a party not liable, " in a personal or mixed action in form *ex-delicto*."

We think there was no error in holding Marshall A. chargeable, and no exception was taken to the judgment in favor of the defendant Ephraim.

Judgment affirmed.