## ALBIN G. BLOOD *v.* ARTEMAS SPAULDING.

*Fence. Adjoining Land. Owners. Landlord and Tenant. Repairs.*

1. It is the duty of a farm tenant by force of law to make all needed current repairs on the fences; and if they are not kept in lawful condition, it is his fault, and not the landlord's; and an action cannot be maintained against the landlord by an adjoining land owner, whose colt escaped through an insufficient division fence, and strayed on to the railroad track, and was there injured. And this is so although the fence was in the same condition at the time of the accident as when the tenant went into possession.*

2. Adjoining land owners may make a parol agreement as to a division fence that is binding on themselves until repudiated; and on their grantees, if recognized and acquiesced in by them.

CASE to recover for injuries to the plaintiff's colt. Heard on a referee's report, December Term, 1884, TAFT, J., presiding. Judgment for the plaintiff. It appeared from the report, that for many years the plaintiff and defendant had owned adjoining pastures, between which was a division fence; that there had been no written agreement relating to the fence, but there had been, eighteen years before, a parol agreement of a division between the plaintiff and one Wetherbee, of whom the defendant purchased his pasture;

---

* But that a landlord is liable for a nuisance which was on the premises when leased, see *Ingrersen* v. *Rankin*, N. J. Sup., Ct. Reporter, April 8, 1885, p. 441, citing Raym. Ld. 713; *Todd* v. *Flight*, 9 C. B. N. S. 377; *Gandy* v. *Jubber*, 5 B. & S. 87; *Fish* v. *Dodge*, 4 Den. 311; *Rex* v. *Pedly*, 1 Ad. & El. 822; *House* v. *Metcalf*, 27 Conn. 631; *Woodf. L. & T.* 639; *Nelson* v. *Liverpool Brewery Co.* L. R. 2 C. P. Div. 311; *Salstonstall* v. *Banker*, 8 Gray, 195; *Swords* v. *Edgar*, 59 N. Y. 28.

REP.

that the plaintiff told and pointed out to the defendant how the fence had been divided, and that they had maintained the same in accordance with that division since. It further appeared, that, in March, 1883, the defendant let his farm by written lease to two Fillio brothers for one year for $300, and at the end of that year they took it at the halves; that it was understood between the defendant and the Fillios that the latter were to keep in repair the same fences that the defendant had; that whatever repairs were made, were made by the lessees, but "that nothing was expressly stated in the written lease about the fences"; that on the 11th day of May, 1883, the plaintiff's colt strayed from his pasture into the defendant's, through that portion of the fence which the defendant had formerly repaired, by reason of the insufficiency of the same; and from this pasture it went into the highway, and thence on to the railroad track, where it was injured by a train of cars; "that at the time the defendant leased to the Fillios, the fence where the colt got out was insufficient and out of repair; and continued in the same state until after said May 11th, no repairs being made there until after the accident." No express agreement as to the fence was shown between the plaintiff and the defendant. The lease was not produced on trial before the referee; and one of the lessees testified as to the understanding in regard to the fences.

*William E. Johnson*, for the defendant.

The defendant having leased the premises is not liable for the insufficiency of that portion of the fence which he had been in the habit of keeping in repair. It was the duty of the tenant to repair, and not of the landlord. *Moulton* v. *Moore*, 56 Vt. 700; 1 Ad. Torts, 214, 428; *Smith* v *Jaques*, 6 Conn. 530; *Cheetham* v. *Hampson*, 4 T. R. 318; *Tewksbury* v. *Bucklin*, 7 N. H. 521; 2 Raym. Ld. 804; *Rider* v. *Smith*, 3 T. R. 766; Tay. L. & T. 132; Big. Lead. Cas. 653.

*French & Southgate*, for the plaintiff.

The division of the fence was legal; and may be proved by oral testimony. *Tupper* v. *Clark*, 43 Vt. 200; *Hitchcock* v. *Tower*, 55 Vt. 60; *Scott* v. *Grover*, 56 Vt. 499.

The colt was at large on the railroad limits through the defendant's "fault or negligence," and he is liable for the damages thereby sustained. R. L. ss. 3184, 3191, 3414; *Saxton* v. *Bacon*, 31 Vt. 540. A landlord is liable for injuries resulting from the condition of the freehold itself, after lease, if that condition is caused by his negligence. 1 Ad. Torts, ss. 240, 582; Hill. Torts, p. 594; 5 C. & P. 190; 24 E. C. L. 520. The case is similar to those in which the landlord is liable for a nuisance which was on premises at the time of leasing. 1 Ad. Torts, s. 283; 1 Chit. Pl. (6 Am. ed.) 95; *Roswell* v. *Prior*, Salk. 460.

The opinion of the court was delivered by

Powers, J.   It has been repeatedly held in this State that adjoining land owners may by parol make agreements for the division of fences that will be binding upon them until repudiated. *Scott* v. *Grover*, 56 Vt. 499; *Hitchcock* v. *Tower*, 55 Vt. 60.   The division agreed upon between the plaintiff and Wetherbee, eighteen years before the defendant bought of Wetherbee, was recognized by the defendant when he succeeded Wetherbee; and he has ever since maintained his part of the fence in accordance with that division.   This long acquiescence in that division has all the force of an agreement as between the plaintiff and the defendant.

When the defendant leased his farm to Fillio it was understood between them, that Fillio was to maintain and keep in repair the same fences that the defendant had hitherto maintained.   Under the lease Fillio assumed the duty as to plaintiff that his landlord was under by force of his agreement with the plaintiff respecting the division of this fence.

Blood *v.* Spaulding.

Without any contract in the lease from the defendant to Fillio respecting the maintenance of fences, we understand that the law, in the case of the ordinary letting of a farm at the halves, is that the tenant assumes the duty of making all needed current repairs. In *Powley* v. *Walker*, 5 T. R. 373, it was held that the mere relation of landlord and tenant of a farm was a sufficient consideration for the tenant's promise to manage the farm in a husbandman-like manner.

In the case of buildings, a tenant by the year is bound to keep them wind and water-tight in the absence of any agreement to repair. *Auworth* v. *Johnson*, 5 C. & P. 238; *Leach* v. *Thomas*, 7 C. & P. 326. A farm leased by the year cannot be carried on under the rules of good husbandry unless division fences are kept in repair to prevent trespasses upon the land.

By force then of the implied duty of the tenant growing out of his occupancy of the land, to keep the fence in question in repair, the fault complained of was his and not the defendant's. *Cheetham* v. *Hampson*, 4 T. R. 318; 1 Ad. Torts, 214; *Moulton* v. *Moore*, 56 Vt. 700; Tyl. Boun.; Tay. L. T. ss. 183, 343, 344.

Judgment reversed, and judgment on report for the defendant.