## G. W. FENTON, Respondent, v. J. W. MONTGOMERY, Appellant.

### St. Louis Court of Appeals, October 27, 1885.

1. LANDLORD AND TENANT—REPAIRS.—It is the duty of a tenant who has leased a farm on shares to keep the fences in repair, in the absence of a contrary covenant.

2. —— PLEADINGS.—A petition in an action by a tenant against his landlord which merely recites a renting on shares, and that the landlord's cattle broke into the tenant's field and destroyed his crops, states no cause of action.

APPEAL from the Clark County Circuit Court, BEN. E. TURNER, Judge.

*Reversed and remanded.*

WOOD & MONTGOMERY, for the appellant; The petition does not state facts sufficient to constitute a cause of action. Under the contract of lease, and at common law, it was the duty of plaintiff to repair the fences. Taylor, Landlord and Tenant (2 Ed.) p. 208, sect. 327.

MATLOCK, HILLER & HOWARD, with W. L. BERK-HEIMER, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The petition states that the plaintiff rented of the defendant, by a written contract executed by both plaintiff and defendant, forty acres of land for the purpose of raising a crop of corn; that the plaintiff, by the terms of the contract, was to pay the defendant one-third of the crop; that, in pursuance of the contract, he planted and cultivated upon the land a crop of corn; that the defendant had other lands surrounding this forty acres and separated from it by fences; that adjoining the forty acres the defendant had a large pasture; that in the month of October, 1883, while the crop of corn was standing in the forty acres, the defendant turned into this pasture seventy-five head of cattle; that these cattle broke over and threw down the fence between the pasture and the forty acres and trampled upon and destroyed the crop standing thereon; the plaintiff notified defendant that his cattle had so broken over and were destroying the plaintiff's crop, yet the defendant continually turned them into the pasture, well knowing that they were continually getting upon, tramping down and destroying the plaintiff's crop, and wrongfully failed and refused to repair the fence, or to desist from turning his cattle into the pasture; that, by reason of

the cattle being turned into the pasture by the defendant, and of their getting in and upon the plaintiff's crop, the crop was wholly lost to the plaintiff. Then follow allegations as to the amount of damages. The second count contains substantially the same allegations, omitting the recitals concerning the contract of lease between plaintiff and defendant.

We do not deem it necessary to consider the principal questions which have been argued at the bar and in the briefs of counsel, because we are clearly of opinion that the petition states no cause of action. It is not the duty of the landlord in a lease of land to be farmed on shares to keep the fences in repair, but it is the duty of the tenant. *Blood v. Spaulding*, 57 Vt. 422.

There is no allegation in the petition that the defendant had covenanted to keep the particular fence in repair, and, therefore, the case stands just as though the plaintiff had been the owner of the land and no contractual relation had existed between him and the defendant. It is the naked case of the defendant's cattle breaking into the plaintiff's field, *damage feasant*. The plaintiff might at common law have recovered damages for such a trespass without any allegation as to the character of his fences; but this rule has been so far changed by statute that he can not recover damages without proving that he maintained such a fence as the statute requires. *Moore v. White*, 45 Mo. 206. See, also, *Gorman v. Pacific R. R.*, 26 Mo. 441. As this fact is essential to the plaintiff's right to recover, we can not doubt that it is necessary for him to allege it in his petition in order to state a cause of action for such damages. He neither alleged it nor did he offer any evidence tending to prove it.

The judgment which was rendered in his favor must, therefore, be reversed and the cause remanded. It is so ordered. All the judges concur.