JOHN WHATLING, RESPONDENT, *v.* WILLIAM NASH, APPELLANT.

*Pleading — several causes of action for separate entries upon real estate may be joined.*

The complaint in this action set forth two causes of action, one for a wrongful entry upon the plaintiff's lands under water, about April or May, 1881, and the wrongfully taking and carrying away of fish therefrom, the other for a like entry on plaintiff's land in the year 1882, and catching and killing muskrats thereon.

*Held,* that as both causes of action were for injuries to real estate they might be properly united in one complaint.

That the allegations of injuries to personal property were not statements of separate causes of action, but mere averments in aggravation of the wrongful entry.

Appeal from a judgment of the Monroe Special Term overruling a demurrer interposed to the complaint in this action.

*D. L. Covill*, for the appellants.

*W. B. Crittenden*, for the respondents.

Smith, P. J. :

The grounds assigned for the demurrer are, that several causes of action are improperly united, and that the complaint does not state facts sufficient to constitute a cause of action. The latter ground is not argued by the appellant's counsel in the brief submitted to us, and it is quite clear that there is no foundation for it in the complaint.

As to the first ground, it is true that the complaint sets forth two distinct causes of action, but they are such as may properly be joined in one complaint, as they are both for alleged injuries to real property. One is for a wrongful entry upon plaintiff's land under water, about April or May, 1881, and wrongfully taking and carrying away fish therefrom ; the other, for a like entry on plaintiff's land in the year 1882, and catching and killing muskrats thereon. The allegations of injuries to personal property are not, as the appellant's counsel seems to suppose, statements of separate causes of action, but are mere averments in aggravation of the wrongful entry. ( *Van Leuven* v. *Lyke*, 1 Comst., 515 ; *Howe* v. *Willson*, 1 Den., 181 ; *Dunckle* v. *Kocker*, 11 Barb., 387 ; *Clark* v. *Van Vrancken*, 20 id., 278 ; *Gilbert* v. *Pritchard*, 41 Hun, 46.)

The question whether the two causes of action for trespass *quare clausum*, should be stated in separate counts and separately numbered is not before us.

The judgment should be affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer the complaint, within twenty days, etc., on payment of the costs of the demurrer and of this appeal.

Barker, Haight and Bradley, JJ., concurred.

So ordered.