HURSH, Respondent, v. BYERS, Appellant.

1. An innkeeper has a lien upon the goods of guests only, not upon the goods of persons boarding with such innkeeper under a special contract.

*Appeal from Greene Circuit Court.*

This was an action commenced before a justice of the peace. An appeal was taken to the circuit court. The facts as they appeared in evidence are as follows : Plaintiff in 1858 kept a hotel in Iowa city, Iowa. One Mrs. Acor boarded with him. When Mrs. Acor was on the point of leaving, the plaintiff presented her bill, and told her she could not remove her trunk from the room she occupied until the bill was paid. The defendant Byers, under these circumstances, promised plaintiff, if he would let Mrs. Acor have her baggage, that he would go her security for the payment of the bill. Upon this promise plaintiff permitted Mrs. Acor to remove her trunk. Mrs. Acor had been a regular boarder at the hotel for two years, paying a stipulated sum per week for her board. The defendant asked the court to declare the law to be that " if defendant promised or assumed to pay the debt of another person to the plaintiff, it is not binding upon the defendant unless such promise was put in writing and signed by him ;" also " that innkeepers or boarding-house keepers have no lien on the baggage of their regular boarders for the general balance of their board bill ; that when a person ceases to be a traveler or wayfaring man, and becomes a boarder, such person ceases to be a guest in such a sense as

to hold the innkeeper to his peculiar liability, or to give him a lien on the baggage of such person." The court refused so to declare and found for the plaintiff.

*Lindenbower*, for appellant.

I. Hotel keepers have no lien upon the baggage of boarders. The promise of defendant was within the statute of frauds.

*Parsons & Price*, for respondent.

I. The case is not within the statute of frauds. The plaintiff had a lien on the baggage. The agreement was in consideration of the release of this lien. This was a sufficient consideration. (2 Parsons on Contr. 306, note.)

SCOTT, Judge, delivered the opinion of the court.

Story says, if a person comes upon a special contract to board and sojourn at an inn, he is not in the sense of the law a guest, but he is deemed a boarder. (§ 477.) The law gives the innkeeper a lien on the goods of a guest, not of a boarder. (§ 476.) The plaintiff having no lien on his boarder's goods, he had no right to retain them; consequently there was no consideration for the promise made by the defendant to pay the board for which this suit is brought.

The other judges concurring, the judgment will be reversed and the cause remanded.