J. H. MOORE, Plaintiff in Error, *v.* J. L. WHITE, Defendant in Error.

1. *Damages — Trespass — Fence, sufficiency of.—* The fence inclosing the land of A. was built within the boundary line of the land of B. In trespass for damages done to A.'s crop by cattle of B.: *held,* that the land was inclosed as required by law (Gen. Stat. 1865, ch. 80, §§ 1, 2) as a condition to recovery. If the fence was of the required character and dimensions, and was treated and used as a partition fence that was sufficient without regard to its ownership.

2. *Damages — Trespass — Fence — Proof — Common and statute law.—* In an action of trespass for breaking through plaintiff's fence, he may sue for single damages at common law. He must comply with the statute (Gen. Stat. 1865, ch. 80) by showing, as a condition to his right of recovery, that his field was inclosed by such a fence as the law defines. But the mode of proof is not modified or affected by the statute.

*Error to First District Court.*

*Stephens & Dryden,* and *White,* for plaintiff in error.

*Draffin & Muir,* for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

The parties to this suit were occupants of adjoining lands— their respective fields being separated by a fence. A considerable number of the defendant's domestic animals broke through this fence and into the plaintiff's adjoining field and injured his crops. This suit is brought to recover the consequent damages. The only questions for consideration relate to the legal sufficiency of the fence, and the right of the plaintiff to the enjoyment of its benefits.

The case shows that the fence was constructed some eighteen years since by the then proprietor of the farm now occupied by the defendant. The farm was subsequently purchased by one Gibson, who died some years ago, but the farm still constitutes

a part of his estate. Prior to his death, and by his permission, the plaintiff connected the fence inclosing his own lot, with Gibson's fence, so that Gibson's fence bounded and protected the plaintiff's field on the side adjoining Gibson's land. A late survey discloses the fact that the fence was some three feet on Gibson's land from the true line dividing the lands of the adjoining proprietors. The plaintiff had no other fence on that side to protect his field.

The defendant insists, for substance, that the fence being on Gibson's land, and owned by him, it was not a division or partition fence, and deduces the conclusion that the plaintiff's field was not inclosed, as the law requires as a condition to his recovery for the trespass complained of. We do not take that view of the subject. The statute (Gen. Stat. 1865, §§ 1, 2) simply declares that " all fields and inclosures shall be inclosed " by a fence of a given description, without going into the question of the proprietorship of the inclosing fence. It is the existence of the required fence as a fact that the statute demands. It says nothing about who shall erect, preserve, or own it. It was not until 1869 that the Legislature addressed itself to these topics. (Wagner's Stat. ch. 57.) The plaintiff's field was in fact inclosed, and, if by a fence of the required character and dimensions, that was sufficient so long as the fence remained. Had Gibson or the succeeding occupant suffered the fence to go to decay, or had it removed, the case would have presented a different aspect. It did not go to decay and was not removed, but remained, and for all practical purposes constituted a partition fence between the adjoining owners. No one had ever objected to its being so treated and considered. We think, therefore, that the court was warranted in directing the jury that the plaintiff was entitled to recover, so far as this point was concerned, if they found from the evidence that the fence in question was treated and used as a partition fence by the adjoining occupants.

But the defendant further insists that the only mode of establishing the legal sufficiency of the fence was by pursuing the steps pointed out in the statute. (Gen. Stat. 1865, p. 385, §§ 3, 5.)

Moore v. White.

If this suit were founded on the statute, there would be force in this position. But it is not so founded. The plaintiff is simply pursuing a right at common law by a common-law remedy. It is not a suit to recover the double damages provided by statute, or any statutory penalty. The only bearing the statute (Gen. Stat. 1865, ch. 80) has on the case is that it, according to the construction placed thereon (Gorman v. Pacific R.R., 26 Mo. 441), imposes on the plaintiff the duty of showing, as a condition to his right of recovery, that his field was inclosed by such a fence as the law defines. The right the plaintiff is seeking to vindicate is a right at common law, and not a right accruing to him under and by virtue of the statute. The statute, instead of originating the right, throws obstacles in the way of its assertion. At common law, it was the duty of the owner of animals to restrain and keep them on their own premises, and not of land proprietors to fence against them. (3 Kent's Com. 558, 11th edition.)

A statute of New York provided a summary remedy for this class of trespasses, by calling out the fence viewers, and having the damages assessed by them; but that statute is not construed as taking away any previously existing common-law right or remedy. When a statute creates a right which did not previously exist, and prescribes a remedy for its violation, that remedy is to be pursued. (Stafford v. Ingersol, 3 Hill, 38.) But, as already observed, the plaintiff is not asserting any right or remedy existing under or created by the statute. He is asserting a common-law right through a common-law instrumentality. In order to the achievement of success, however, the statute makes it necessary for him to prove a fact, which, but for the statute, it would not be necessary to prove, namely: that his field was inclosed by a fence of a defined character. The mode of proof is not modified or affected. If the plaintiff were seeking to recover the double damages given by statute, then, doubtless, it would have been necessary to his success that he should have pursued the steps, and made his proofs in the mode which the statute prescribes in such cases. But the plaintiff is claiming no double damages, but only the damages recoverable at common law.

By one of the instructions given for the plaintiff it was made necessary, in order to a verdict in his favor, that the jury should find that the defendant's trespassing animals were "breachy." This is criticised, but it is not perceived that it could possibly have prejudiced the defendant. It was requiring the jury to find a fact in no way material to the case, and which unnecessarily embarrassed the plaintiff's side of it.

In regard to the dimensions of the fence — its legal sufficiency — the evidence was conflicting. Under the instructions of the court, the jury found on this point for the plaintiff and the instruction, so far as it relates to this particular matter, is not complained of, common-law proofs being received as evidence of the facts.

The judgment of the District Court is reversed, and that of the Circuit Court affirmed. The other judges concur.