KERSEY COATES, Respondent, v. J. C. ACHESON ET AL., Appellants.

Kansas City Court of Appeals, November 8, 1886.

1. HOTEL AND BOADING HOUSE KEEPERS—LIEN UPON BAGGAGE, ETC.— CHARACTER OF.—By the provisions of section 3198, Revised Statutes, a lien is given to hotel, inn and boarding house keepers, upon the *baggage* and other valuables of their guests or boarders brought into such hotel or boarding house by such guests, etc., and upon the *wages* of such guests, etc., for their charges for boarding and lodging, etc. But the lien is created by the statute, and did not exist at common law.

2. —— —— PROVISIONS FOR ENFORCEMENT OF—JURISDICTION.— By the provisions of section 3197, Revised Statutes, this lien is to be enforced by suit before a *justice of the peace* of the ward, district or township in which the claimant resides, in the manner provided by said section ; and if the judgment is for the plaintiff the justice is required to order that the property upon which the lien shall have been found to exist be sold to satisfy it. But the lien as a certain and complete right cannot exist before the indebtedness is established and by the judgment the lien is, for the first time, fixed and established. And a judgment declaring the indebtedness, and establishing the lien could be rendered only by a justice of the peace of the ward, district or township in which the plaintiff resided.

3. JURISDICTION—RULE AS TO RIGHTS AND REMEDIES—WHEN REMEDY IS EXCLUSIVE—CASE ADJUDGED.—Where a statute creates a right that did not exist before, and provides a remedy for the enforcement of it, that remedy must be pursued, unless the remedy given by the statute is *not adequate,* and not merely when it is uncertain, incomplete or difficult. *Held,* that in this case a complete

and adequate remedy was provided by the statute for the enforcement of the lien and that remedy was exclusive; and the circuit court had no jurisdiction of it as a court of equity or otherwise. *Held, further*, that had the plaintiff obtained in the justice's court a judgment establishing his lien, the circuit court, as a court of equity, would have had jurisdiction of a suit brought by plaintiff to settle the conflict between his claim on the property, based on the lien thus established, and the claims of the mortgagees founded upon their mortgages, and the court having jurisdiction for that purpose, would have had power to have enforced the plaintiff's lien in the manner deemed just and right by it.

APPEAL from Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Reversed and petition dismissed.*

· Statement of case by the court.

The plaintiff kept a hotel in Kansas City.

The defendant, Acheson, boarded there with his family under a special contract with the plaintiff from March 1, 1883, to November 15, 1883, at which last date the defendant owed on account the sum of $368.75.

The contract was not made for any definite time, but it contemplated a long period of time and was for a certain sum per month, fixed with reference to the contemplated period of time.

, The defendants, William Stevens and Henry Sleek, had each a mortgage on the effects of Acheson which were in the hotel on March 1, 1883, and also at the time of the execution of the mortgages. Acheson left the hotel on November 15, 1883, leaving his effects therein. The mortgagees made claim to said effects under their mortgages to the plaintiff.

The plaintiff denied the claims thus made, and brought this action setting up the foregoing facts, claiming a lien upon the goods mentioned for the unpaid balance paramount to the mortgages, praying for a decree establishing the relative priority of the mortgages, and for an injunction restraining the mortgagees from

attempting to take possession under either of said mortgages, and for the appointment of a receiver *pendente lite* and other proper relief.

Upon a trial the court rendred a decree establishing the plaintiff's lien for the amunt of the balance claimed by him as paramount to both mortgages and ordering its enforcement against the property. The case is here on appeal by the defendants, mortgagees, only.

BOTSFORD & WILLAMS, for appellant, STEVENS.

I. The statute limits the lien to charges for boarding *actually due*, and does not include charges for board to become due for board and lodging to be furnished in the future. *Sect. 3198, Rev. Stat.* This lien is created only by statute. It did not exist at common law. *Hursh v. Byers*, 29 Mo. 469; *Shafer v. Guest*, 6 Robt. (N. Y.) 264; s. c., 35 How. Pr. (N. Y.) 184.

II. The rights of the mortgagee became vested on the acknowledgment, delivery and record of his mortgage, and cannot be divested or impaired by charges on the property covered by the mortgage, created after such execution and record. *Sergeant v. Usher*, 53 New Hamp. 287. The record of the mortgage operated to give notice of the rights of the mortgagee thereunder; and was the equivalent of an actual and continued change of possession; and plaintiff was bound by it the same as if he had actual notice thereof. Sect. 2503, Rev. Stat., *State ex rel., etc., v. Cooper*, 79 Mo. 464; *Berson v. Nunan*, 63 California, 550. Appellant is not bound by charges on the property created thereafter by the voluntary action of plaintiff, without notice to appellant of any claim on the property for future charges. *Brickin v. Croissiant*, 3 Phila. (Pa.) 219.

III. The court below had no jurisdiction of said suit. The statute granting the lien to plaintiff as a boarding house keeper (sect. 3198, Rev. Stat.) specifically

Vol. xxiii—17

provides that it shall be enforced before a justice of the peace of the ward, district or township in which the claimant resides. The lien being purely a statutory lien, and the statute creating it providing for a specific remedy before a particular *forum;* that remedy must be pursued in the tribunal created to enforce the right; and no other court has original jurisdiction of the subject matter. The statutory remedy is exclusive. *Moore v. White*, 45 Mo. 206; *Hall v. Hinkley*, 32 Wis. 362; *State v. Bittinger*, 55 Mo. 596.

PRATT, BRUMBACK & FERRY, for the respondent.

I. As against defendant, Acheson, plaintiff has a lien for his unpaid balance. Sect. 3198, Rev. Stat. His lien takes precedence of appellant's for the whole amount of his balance, because it was for services rendered under one entire contract made before the execution of the mortgage, and of which contract appellant is chargeable with notice. *Milner v. Norris*, 13 Minn. 455; *Hahn's Appeal*, 39 Pa. St. 409; *Douglass v. Zinc Co.*, 56 Mo. 388; *Dubois v. Wilson*, 21 Mo. 213; *Ches. Prov. Int. v. Stone*, 56 N. H. 365; *Soule v. Dawes*, 14 Cal. 247; *Batchelder v. Rand*, 117 Mass. 176. The lien is a statutory one, not requiring a special agreement to create it, and as such, is paramount to the lien of a prior recorded mortgage for the whole amount due for such services, whether rendered before or after the execution and record of the mortgage. *Case v. Allen*, 21 Kansas, 217; *Scott v. Delahart*, 5 Lansing (N. Y.) 372.

II. The suit was brought in the right court. The statutory remedy was not exclusive, because not adequate. *Johnston v. Louisville*, 11 Bush (Ky.) 527; *Trust v. Person*, 3 Abb. Pract. 85; *Ryan v. Gallatin Co.*, 14 Ill. 78; *Church v. Robertson*, 71 Mo. 327; *Butler v. Lawson*, 72 Mo. 245; *Bridge Co. v. Hayes*, 5 Cushing (Mass.) 460. Appellant cannot complain of the jurisdiction of the court to decree a sale of the property because such decree is not directed against him, and he

is not injured thereby. *Papin v. Massey*, 27 Mo. 445 ; *Wall v. Nay*, 30 Mo. 494; *Johnson v. Armdall*, 34 Mo. 338 ; *Ames v. Gilmore*, 59 Mo. 537 ; *Smith v. Railroad*, 53 Mo. 338. If the judgment of the court is correct in establishing plaintiff's lien as *paramount*, then he has the right to enforce it in full, and appellant's only claim is to have the *surplus* turned over to him, and this is secured to him by the decree. If the court was wrong in enforcing this lien against Acheson's property in this proceeding, Acheson, and only Acheson can complain, and he does not appeal.

Hall, J.—Did the circuit court have jurisdiction of this cause ?

Section 3198, Revised Statutes, is as follows: "Hotel, inn and boarding house keepers shall have a lien upon the baggage and other valuables of their guests or boarders brought into such hotel, inn or boarding house by such guests or boarders, and upon the wages of such guests or boarders, for their proper charges, due from such guests or boarders for their accommodation, boarding and lodging, and such extras as are furnished at their request."

The lien in this case did not exist at common law ; it was created by said statute. This is conceded. It is true, because at common law an inn-keeper had a lien upon the goods of guests only, and not upon the goods of persons boarding with such inn-keepers under a special contract. *Hursh v. Byers*, 29 Mo. 469.

By section 3199, it is provided that "the lien provided for in the preceding section shall be enforced as provided in section 3197." The last named section provides that the lien shall be enforced by suit before a justice of the peace of the ward, district or township in which the claimant resides, in the manner provided by said section. The claimant must file with the justice a statement setting forth his account. And it is provided by said section that "when the defendant shall have

been summoned or notified as aforesaid, the cause shall on the day fixed for trial be tried as an ordinary case in a justice's court. If the judgment be for the plaintiff the justice shall order the property upon which the lien shall have been found to exist to be sold to satisfy the same.''

The plaintiff's *right* to the lien in this case existed from the time he furnished the boarding, lodging, etc. to the defendant Acheson, and in that sense the lien may be said to have existed from that time. But in fact the lien depends upon the existence of an indebtedness due from the defendant, Acheson, to the plaintiff for said boarding, lodging, etc. Unless such indebtedness exists the lien does not exist. It is necessary to establish such indebtedness in order to establish the lien. The lien as an inchoate and uncertain right does exist before the establishment of the indebtedness, but the lien as a certain and complete right cannot exist before the indebtedness is established. Hence it is, that the statute provides that the person claiming the lien must file his account, and that if the judgment be for such person, the justice shall order the property on which the lien shall have been found to exist to be sold to satisfy the same. Before the judgment thus rendered the lien cannot be said to have had an actual existence. By such judgment the lien is for the first time fixed and established.

A judgment declaring the indebtedness and establishing the lien could be rendered only by a justice of the peace of the ward, district or township in which the plaintiff resided.

The rule is, where the statute creates a right that did not exist before and provides a remedy for the enforcement of it, that remedy must be pursued. *Moore v. White*, 45 Mo. 206; *State v. Bittinger*, 55 Mo. 596; *Lindell's Adm'r v. Railroad*, 36 Mo. 543; *Stafford v. Ingersoll*, 3 Hill 41. To the rule there may be this exception, that, if the remedy given by the statute be

not adequate, the remedy thus given is not exclusive. *Johnson v. Louisville*, 11 Ky. 533.

The principle upon which this rule is based has been thus applied. It has been laid down that courts of equity "have no power to enforce this statutory lien (a mechanic's lien), unless expressly conferred by law or unless, perhaps, there exists some impediment or difficulty which would render the remedy given by the statute unavailable." Phillips on Mechanic's Lien, sect. 2. And it has been said "whenever a legal right is wholly created by statute and a legal remedy for its violation is also given by the statute, a court of equity has no authority to interfere with its reliefs, even though the statutory remedy is difficult, uncertain and incomplete." 1 Pomeroy's Eq. Jur., sect. 281.

In this case the lien was purely the creature of the statute. A complete and adequate remedy was provided by the statute for its enforcement, and that remedy was exclusive. The circuit court had no jurisdiction of this case as a court of equity or otherwise.

In certain cases a court of equity has jurisdiction, where there is a conflict of claims upon the property by reason of various liens, in order to determine the rights of the respective claimants, and in such cases the court having jurisdiction for that purpose would retain jurisdiction and order the enforcement of the liens in accordance with the adjudged priority of them, and would not turn the parties out of court to pursue their remedies at law. The court of equity having jurisdiction of a part of the case, would have the jurisdiction and power to do complete justice between all the parties. *Paris v. Haley*, 61 Mo. 453; *Cathcart v. Robinson*, 5 Pet. 263. But this principle does not confer jurisdiction of this case upon the circuit court, because the justice of the peace, who alone had jurisdiction so to do, had not established the lien, and until the lien had been thus established no court had the power to enforce it. The principle invoked would, in the proper case, authorize

a court of equity to enforce a legal statutory lien already established, but it would not authorize such court to establish it. Had the plaintiff obtained in the justice's court a judgment establishing his lien, the circuit court as a court of equity would have had jurisdiction of a suit brought by the plaintiff to settle the conflict between his claim on the property, based on the lien thus established, and the claims of the mortgagees founded upon their mortgages, and the court having jurisdiction for that purpose would have had power to have enforced the plaintiff's lien in the manner deemed just and right by it.

Our opinion on this question and our remarks touching it are to be understood as applying to only such a case as this, where the court having jurisdiction to adjudge the lien and the court of equity are entirely distinct and separate, and not to a case where the court possessing the jurisdiction named has an equity side to it.

The circuit court had no jurisdiction of this case, and we do not, for that reason, determine the other question argued in this case.

The judgment is reversed and the petition dismissed. All concur.