Genevieve JACKSON, Plaintiff-Appellant,

v.

Robert ENGERT, Defendant-Respondent.

No. 33355.

St. Louis Court of Appeals,
Missouri.

March 24, 1970.

Fred Roth, St. Louis, for plaintiff-appellant.

Hayes & Hayes, James P. Hayes, St. Louis, for defendant-respondent.

SMITH, Commissioner.

Plaintiff appeals from a judgment against her rendered as a result of a directed verdict at the close of plaintiff's case. The case was tried before a jury. Plaintiff's action, originating in Magistrate Court, was in two counts. Count I was a replevin action to recover from defendant certain personal property, mostly clothing, or the value of such property alleged to have been wrongfully detained by defendant and having an actual value of $1500. It also sought damages for the detention and for attorney's fees in the amount of $1000. Count II sought $1500 as the value of the property, $1000 punitive damages, interest and attorney's fees for the wrongful conversion of the personal property listed in Count I. Plaintiff sought recovery in the trial court only on Count II, and Count I has been abandoned.

Defendant's answer to Count II was a general denial coupled with an affirmative defense which read:

"Further answering Count II of plaintiff's petition, defendant states that plaintiff rented from him living quarters at 2754 Russell Blvd., St. Louis, Mo., and that defendant operated and rented said quarters to the plaintiff, and that said quarters were rented to plaintiff at the rate of Seven Dollars ($7.00) per week; and that at the time defendant lawfully took possession of said property plaintiff was in arrears in rent in the amount of $56.00 on the quarters rented by the plaintiff. Defendant further states that the aforesaid premises were duly licensed and operating in accordance with the provisions of Chapter 402 of the Revised Code of the City of St. Louis.

"Defendant further states that he took lawful possession of some of plaintiff's property by reason and virtue of Section 419.060 of the Revised Statutes of Missouri of 1959 and as revised thereafter, and is holding said property in accordance with the statutes provided."

The motion for directed verdict was premised upon the contention that plaintiff was a lodger in a rooming house operated by defendant under the provisions of an ordinance of the City of St. Louis, that defendant took possession of plaintiff's property under the provisions of Section 419.060 RSMo, 1959, V.A.M.S., and that

there was no competent evidence to show plaintiff had paid her rent to defendant. The court sustained the motion "under this City ordinance." We reverse.

Plaintiff's evidence was that she had rented a one room, furnished unit from defendant in May 1963. Her rent was $11 per week which she paid in cash by leaving it on her dresser where defendant would pick it up. Defendant retained a key to the room but had permission from plaintiff to enter only to pick up the rent. When plaintiff first moved in defendant provided housecleaning service but at plaintiff's request this was discontinued. Plaintiff received no meals from defendant. She denied owing any rent, and said that the only way she could was if defendant had failed to pick up the rent left by her on the dresser. It is undisputed that on February 8, 1964, defendant changed the lock on plaintiff's room and thereafter refused to allow her access to remove her personal belongings. Plaintiff gave extensive testimony concerning the value of her personal property on February 8, 1964.

■ Conversion is any unauthorized act of dominion or ownership exercised by one person over personal property belonging to another in denial of or inconsistent with the owner's right. Commercial Credit Corp. v. Joplin Automobile Auction Co., Mo.App., 430 S.W.2d 440. Where a conversion is established plaintiff is entitled to her actual damages, is entitled at least to nominal damages. (Schulte v. Florian, Mo. App., 370 S.W.2d 623) and may recover punitive damages if the conversion is malicious (Coleman v. Pioneer Studebaker, Inc., Mo.App., 403 S.W.2d 948).

■ Plaintiff's evidence would support findings that she owned the personal property in question at the time she was locked out, that she had a right of possession to it at that time, that defendant's act in locking her out was unauthorized, that it was inconsistent with her right of possession and ownership, and that she was damaged to the extent of the value of the

personal property which defendant took and has never returned. This was sufficient to make a case of conversion. She was not required to negate defendant's affirmative defense upon which he bore the burden of proof, but her testimony that she did not owe any rent created at least a fact issue on that defense. No lien could exist in the absence of an indebtedness. Coates v. Acheson, 23 Mo.App. 255. It may be conceded that plaintiff's testimony was not a model of consistency or definiteness but that is a matter for the jury to consider and pass on. Cieslinski v. Clark, Mo.App., 223 S.W.2d 139. Her evidence was clearly not so devoid of substance as to warrant a directed verdict against her nor was that the basis upon which the court granted the motion. In defendant's answer and on several occasions in open court defendant's attorney admitted that defendant was holding the property of plaintiff. The court erred in directing a verdict. What we have said disposes of the actual matter before us on this appeal. But because it inevitably will arise on retrial we consider the validity of defendant's only pleaded defense.

This defense must stand or fall upon the applicability of § 419.060 RSMo 1959, V. A.M.S., which provides that "The keeper of any inn, hotel or boardinghouse * * * shall have a lien on the baggage and other property in and about such inn brought to the same by or under the control of his guests or boarders * * * for the proper charges due him from such guests, or boarders, for the accommodation, board and lodging * * * not to exceed the sum of two hundred dollars * * * and said innkeeper or hotel keeper shall have the right to detain such baggage and other property until the amount of such charges are paid * * *."

■ Defendant seeks to bring himself within the purview of this statute by reference to certain ordinances of the City of St. Louis relating to licensing, inspection and safety and health requirements of hotels, boarding houses and rooming houses.

As we understand defendant's contention, because he obtained a license for a rooming house, he is considered by the City of St. Louis in the same general category as a hotel or boarding house and therefore is entitled to the lien provided in § 419.060. He does not contend the ordinance itself grants him such lien. The groupings made by the City of St. Louis for licensing and inspection purposes cannot change or increase the persons entitled to the lien given by the statute. Defendant has produced no evidence that he is the keeper of an inn, hotel or boarding house and unless he is, the provisions of § 419.060 do not apply to him and confer on right to a lien upon him.

The provisions of § 419.060 are broader than the common law lien of inn-keepers and are therefore in derogation of the common law. Hursh v. Byers, 29 Mo. 469. We construe the provisions strictly and hold that the availability of the lien is limited to those specifically named therein. It is defendant's contention that it was not the legislative intent to draw a distinction between rooming and boarding houses, and that the mere act of receiving meals should not determine whether the lien exists or not. This is a contention which should be directed to the legislature, not the courts. Whatever the reason for the language used by the legislature, we are not justified in expanding it beyond its clear terms. Simply stated the statute does not provide a lien to "rooming house" keepers.

Furthermore, the lien is available against the baggage and other property of a guest or boarder only. A boarder is one to whom meals are supplied, with or without rooms. Black's Law Dictionary, 4th Edition. Plaintiff's testimony was that she did not receive meals. If true she was not a boarder. The parties here have briefed extensively their differences of opinion as to whether plaintiff was a tenant or a lodger. Defendant contends she was a lodger, but even if we accept that

conclusion, *arguendo*, it still does not bring defendant within § 419.060. A "lodger" and a "guest" are not necessarily the same thing. " * * * A person who stops at an inn as a transient is a guest. On the other hand a person who is enjoying accommodations at an inn or hotel under such conditions of permanency as to make the place his home or residence for the time being is not a guest but a boarder, or a lodger if he simply has rooms without meals." Marden v. Radford, 229 Mo.App. 789, 84 S.W.2d 947 [18]. Whatever else may be involved in the status as a "guest", the term contemplates a transient whose stay is temporary. It is true that *Marden* distinguishes a boarder from a lodger only on the basis of whether food is supplied. But whether the granting of a lien against a boarder but not against a lodger is logical, is not for this court to decide. The statute allows such lien only against guests and boarders, and unless plaintiff was one or the other defendant may not rely on the provisions of § 419.060 as a defense.

Plaintiff's evidence was that she had resided in the defendant's premises for nine months, that she paid her rent at a weekly rate, that she had furnished the room with her own linens and drapes and some additional furnishings, that she did her own housecleaning and that she removed her own trash. None of these would indicate a status as a guest.

As we have previously stated, the defendant has presented no evidence and we cannot speculate on what he may be able to prove as regards his status or that of plaintiff to bring them both under the provisions of § 419.060. It may be that he can establish sufficient facts to warrant submitting his status and plaintiff's to a jury, that he can further establish a right to a lien and his compliance with the procedures established by § 419.060. It must be remembered that the genesis of the inn-keeper's lien was his vulnerable position brought on by the requirement that he provide food and lodging for all members of the traveling public who sought such facili-

ties. He was further subjected to certain liabilities, peculiar to his status, and which find statutory counterparts in §§ 419.010–419.050, RSMo 1959, V.A.M.S. In determining defendant's status as to the availability to him of the rights of an innkeeper (or hotel) it is relevant to determine whether he has complied with the obligations and assumed the liabilities of an innkeeper (or hotel).

Plaintiff has made a prima facie case in her action for conversion. She was entitled to submit the matter to the jury for determination. Her evidence would support a finding that defendant's actions were intentional, without just cause or excuse, and therefore would warrant submission of her punitive damage prayer. See Coleman v. Pioneer Studebaker, Inc., Mo.App., 403 S.W.2d 948 [5].

Judgment reversed and cause remanded for new trial.

PER CURIAM.

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the judgment is reversed and cause remanded for new trial.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.