Edward P. BIALECKE et al., and John Alberti et al., Plaintiffs-Appellants,

v.

Robert BAUER et al., Defendants-Respondents.

No. 60779.

Supreme Court of Missouri, En Banc.

May 17, 1979.

Sherwood R. Volkman, St. Louis, for plaintiffs-appellants.

Linda Robinson, Asst. Pros. Atty., Ronald L. Boggs, St. Charles, for defendants-respondents.

SEILER, Judge.

This appeal is before us because it involves construction of a revenue statute. Mo.Const. art. V, § 3.

Section 137.090, RSMo 1969, provides as follows:

"All tangible personal property of whatever nature and character situate in a county other than the one in which the owner resides shall be assessed in the county where the owner resides, except that houseboats, cabin cruisers and automobile trailer houses used for lodging shall be assessed in the county where they are located and tangible personal property belonging to estates, which shall be assessed in the county in which the probate division of the circuit court has jurisdiction; provided, that no tangible personal property shall be simultaneously assessed in more than one county."

The question presented is whether the cabin cruisers and houseboats of the plaintiffs, all non-residents of St. Charles County, which are moored, docked, or tied up at marinas and yacht clubs in St. Charles County, can be assessed as personal property in St. Charles County under the statutory exception that "houseboats, cabin cruisers and automobile trailer houses used for lodging shall be assessed in the county where they are located."

Under the stipulated facts the boats are used only during the boating season of April 1 to November 1. During the boating season the owners use the boats and stay on

them occasionally from Friday night to Sunday afternoon. A few use the boats for ten-day cruises up the Mississippi or Illinois Rivers.

Plaintiffs appeal from the judgment of the trial court dismissing their petition seeking to prohibit and enjoin the collection of personal property taxes on the boats by St. Charles County.

Plaintiffs contend the boats are not used for lodging, that the statutory exception applies only to boats used for permanent, not temporary, lodging; that they are not using their boats for lodging because "they are not in them enough to be called permanent."

Plaintiffs argue that for there to be lodging, there must be an aspect of permanency. The cases they cite, however (*State v. Bowdry*, 346 Mo. 1090, 145 S.W.2d 127 (1940); *Jackson v. Engert,* 453 S.W.2d 615 (Mo.App. 1970), and *State v. Jennie Coulter Day Nursery*, 218 N.W.2d 579 (Iowa 1974)) are to the effect that lodging can be temporary as well as permanent. The dictionary definitions say likewise. *See* Webster's New International Dictionary 1452 (2d ed. 1935; Webster's New International Dictionary 1329 (3d ed. 1967); VI The Oxford English Dictionary 395.

Unquestionably the boats here were used for lodging because plaintiffs stayed in them overnight from time to time during the season. Just as clearly this was lodging of a temporary, not permanent, nature.

Did the legislature intend to limit the exception only to houseboats, cabin cruisers, and automobile trailer houses used for permanent lodging?

One difficulty with ascribing this meaning to the statute is that if the owner used the boat as a permanent lodging that very likely would be his place of residence, whereas the statute clearly means to deal with houseboats, cabin cruisers, and automobile trailer houses located in a county different from that of the owner's residence. There would be no point in the legislature making an exception authorizing assessment of personal property located in the county of the residence. That is already the general rule with respect to the place of assessment of personal property, *see* 84 C.J.S., *Taxation* § 316, at 649 (1954), and is the plain implication of the first clause of the statute. The whole scheme of the assessment portion of Chapter 137, RSMo 1969, proceeds on the basis that, in general, personal, property is assessed in the county of the owner's residence. *See* §§ 137.115, 137.120. The legislature will not be charged with having done a meaningless act. *State ex rel. Thompson-Stearns-Roger v. Schaffner*, 489 S.W.2d 207, 212 (Mo.1973). So the legislature must have intended something other by the statutory exception in § 137.090 than to limit its application to cabin cruisers which were used for permanent lodging.

When a houseboat, cabin cruiser or automobile trailer house is being used for lodging, even on a temporary basis, it means that a person or persons are staying in it overnight and using it as a place of abode. In such instances, the legislature may have considered that it was logical for the property to be assessed in the county where it was located and where county services, county roads, county sheriff protection and other county benefits were available to those owners using the boats for lodging. In addition, the taxing authorities in the county where the boat or trailer house is located are more likely to be able to determine whether it is in fact used for lodging than would be the taxing authorities in the owner's county of residence.[1] This may have been a further reason for the enactment of the exception.

The legislature had to make a choice between assessing such boats in the county where they were located or in the county of the owner's residence. The legislature chose the former, and went on to make it clear that no boat owner would be assessed

1. There is no provision in the statutes, as there is with respect to motor vehicles, § 301.025, RSMo Supp.1975, requiring the owner of a cabin cruiser, for example, to show that he has paid property taxes on it before it can be licensed or registered.

twice by adding the final proviso that no tangible personal property shall be simultaneously assessed in more than one county.

Judgment affirmed.

MORGAN, C. J., and BARDGETT, RENDLEN and SIMEONE, JJ., concur.

DONNELLY and WELLIVER, JJ., dissent.