**Donald E. BRANICK, Appellant,**

v.

**NATIONAL SITE ACQUISITION, INC. et al., Respondents.**

**No. 30146.**

Missouri Court of Appeals, Western District.

July 31, 1979.

Thomas J. Walsh, Lee's Summit, for appellant.

Martin B. Dickinson, Kansas City (Dietrich, Davis, Dicus, Rowlands & Schmitt, Kansas City, of counsel), for respondents.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from summary judgment which denied appellant an equitable lien upon a certain parcel of land; which granted to respondent, Markland Development, Inc. (hereinafter referred to as Markland) title free and clear of all claims by appellant; which further granted to respondents, Gould and Kupin a superior lien upon said parcel and which dismissed appellant's claim against respondent, McDaniel Title Co. for failure to state a cause of action.

Appellant and National Site Acquisition, Inc., Kenneth L. Morse and Clayton Ross, the latter three being hereinafter referred to as National, entered into a written agreement dated January 29, 1971 whereby appellant was to receive an undivided one-half interest in a part of land. Appellant was to receive land consisting of a total of 20,000 square feet within Lot 26. For this interest, appellant was to advance the sum of $50,000.00.

The agreement also provided the size and shape of the tract, along with the ownership interest of appellant, was to be agreed upon within a reasonable, but future, time. The agreement also contemplated additional development and sale of parts of Lot 26 to (as yet unknown) future purchasers. National was to remain the owner of record of the entire Lot 26. Further, the agreement contained the provision that upon sale of the parcel in which appellant was to have his interest, appellant was to receive the return of his $50,000, plus one-half the net profit from such sale. This agreement was recorded at the Office of the Recorder of Deeds, Jackson County, Missouri on June 6, 1973.

On June 18, 1973, Markland purchased a part of Lot 26 and duly recorded the deed. On the same day, respondents Gould and Kupin duly filed their deed of trust. Markland entered upon the land to make use thereof. Respondent, McDaniel Title Company, issued a title policy to the favor of Markland. Appellant and National came to a parting of the ways and this action was filed. Appellant filed a four count petition, summarized as follows:

I Establishment of an equitable lien
   (against National, Kupin and Gould)
II Fraud (against National)
III Trespass (against Markland)
IV Damages (against McDaniel Title)

Respondents filed their pleadings in answer to the petition and asserted crossclaims and counterclaims between themselves and against appellant. The issue was joined and while the case was pending, appellant dismissed without prejudice his claims against National pursuant to a covenant not to sue dated November 6, 1974. The consideration for the covenant was the transfer by deed of a part of Lot 26 to appellant from National. National dismissed its counterclaims against appellant.

Trial was had upon a stipulation of facts. The Honorable Forest Hanna sustained respondents' (Markland and McDaniel Title Co.'s) motion for summary judgment on appellant's petition. Following Judge Hanna's ruling, appellant filed a notice of appeal which was dismissed under order of this court for failure to follow the requisite procedural rules.

Respondents Kupin and Gould filed a motion for summary judgment on their counterclaims and by reason of transfer to another division within the 16th Judicial Circuit, this motion was taken up by the Honorable Laurence Smith. Judge Smith sustained respondents' motion. This appeal followed.

In sustaining the first motion for summary judgment, Judge Hanna ruled the petition (Count III) failed to state a cause of action against respondent, McDaniel Title Co. In addition, he ruled by virtue of appellant's execution of the covenant not to sue based upon the consideration of the transfer of a part of Lot 26 to appellant, that no lien would lie because the debt was extinguished ipso facto as between appellant and National. It was further concluded that since no lien existed, the remaining counts against respondents Kupin and Gould failed.

In the second motion for summary judgment, Judge Smith, in sustaining the motion, concluded that since appellant was denied relief under the first motion for summary judgment, respondent Markland was entitled to its claim for title free and clear of all claims by appellant and that respondents Kupin and Gould were owners of indebtedness under a deed of trust from Markland and that their claims therefore were to be free and clear of all claims of appellant.

This appeal followed and all parties, except National, are parties to the appeal.

Because judgment was summarily entered which declares there to be no issue of fact, but rather that by operation of law the claims between the parties are resolved, this court has the duty to review both the facts and law of the case.

The reasoning of the trial court as to disposition of all the claims, if it be found there was no equitable lien, is absolutely correct. The task that befalls this court is twofold. First, it must be determined whether in fact there was a lien, and secondly, if so, did events which later occurred invalidate that lien?

■ This case, by its very nature, comes within the purview of our principles in equity. Equitable liens upon real estate are reorganized as a viable interest, independent of a prerequisite proprietary interest in the land.

■ By the agreement of January 29, 1971 as between appellant and National, there is no doubt appellant acquired an equitable lien interest in an undefined 20,000 square feet of Lot 26. The agreement, being a binding contract as between these parties, acknowledged mutual obligations. Thus, did this equitable lien continue over to and against the remaining parties herein? It is concluded said lien did not and the basis for that conclusion is when appellant, under date of November 6, 1974, executed his covenant not to sue to National and dismissed his claims against National, and National in turn dismissed its claims against appellant, the lien interest was extinguished. In addition to mutual dismissal of claims against each other, National, as

further consideration for the covenant, conveyed a part of Lot 26 to appellant. This parcel was not the same as purchased by Markland.

■ To be valid, an equitable lien must be based upon a debt or obligation. *Jackson v. Engert*, 453 S.W.2d 615 (Mo.App. 1970). Any debt or obligation due National by appellant was thus eliminated by the covenant not to sue. The debt being extinguished, appellant urges the court to hold that he (the appellant) still has an equitable lien by virtue of the agreement of January 29, 1971 with National.

■ Normally, a covenant not to sue is a valid way to remove one or more parties from further participation in the dispute without abandonment of a claimed right as against any party not a signatory to the covenant. It does, however, bring to a close the dispute as between the parties to the covenant under the provision of circuity of actions. It is not a release of all claims, and a reservation of rights over and against remaining parties can be and are preserved. This provision in the law allows for contribution among wrongdoers. A covenant with an individual wrongdoer, however, amounts to a release or discharge. *McDonald v. Goddard Grocery Co.*, 184 Mo. App. 432, 171 S.W. 650 (1914).

■ Upon consideration of all the facts herein and with the application of the principle that an equitable lien must be based upon a debt or obligation, the conclusion is inescapable that appellant extinguished his lien interest upon the execution of the covenant not to sue and by virtue of that action, there could remain no further claim over and against the respondents.

Under the facts herein or similarities thereto, in the absence of duress, mistake, failure of consideration, misunderstanding, consent or fraud, a covenant not to sue, although the same may contain an express reservation over as against others, when same is exchanged between an obligor and his lienor, said covenant shall extinguish all interests or claims for an equitable lien in the lienor as to lands and parts thereof as against all other parties interested in said lands or parts thereof who are not expressly or impliedly by law or equity an obligor or the obligors of the lienor.

For the reasons set forth, the judgment herein is in all respects affirmed.

All concur.